# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAYMOND LOUIS FLORES,

        Defendant-Appellant.

UNPUBLISHED
September 29, 2015

No. 321483
Wayne Circuit Court
LC No. 13-006414-FC

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions for child molestation. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant raped and sexually assaulted his young stepdaughter over a period of 5 years. The prosecution charged him with two counts of CSC-I, under MCL 750.520b(2), and one count of CSC-II, under MCL 750.520c(1)(a). At trial, the jury heard testimony from the victim, school employees, police officers who interviewed the victim, and a doctor who examined the victim for evidence of sexual abuse. Thereafter, the jury convicted defendant of the above charges, and the trial court sentenced him to 25 to 30 years in prison for each CSC-I conviction pursuant to MCL 750.520b(2)(b).[1]

On appeal, defendant says that his convictions should be reversed because: (1) the prosecutor committed "misconduct" when she questioned a witness; and (2) the trial court engaged in impermissible fact finding to impose the statutory minimum sentences under MCL 750.520b(2)(b), because the jury did not make a finding of defendant's age.[2] The prosecution asks us to uphold the ruling of the trial court.

---

[1] Defendant's sentence for his CSC-II conviction is not relevant to this appeal.

[2] Defendant also makes the frivolous and inaccurate claim that the 25-year mandatory minimum sentence contained in MCL 750.520b(2)(b) is cruel and unusual punishment that violates the

-1-

## II. STANDARD OF REVIEW

A preserved claim of prosecutorial misconduct is reviewed de novo. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010).[3]

Because defendant failed to challenge the imposition of the statutory minimum sentence for his CSC-I convictions at trial, his appeal on this constitutional matter is reviewed for plain error that affected his substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). An error that affects a defendant's "substantial rights" is one that "affected the outcome of the lower court proceedings." *Id*. at 763. In such instances, "[r]eversal is warranted only when the . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (citations omitted).

## III. ANALYSIS

### A. ALLEGED PROSECUTORIAL MISCONDUCT

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014) (citation omitted). "It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). When evaluating a claim for prosecutorial misconduct, we look at the complained of statements in context and with reference to the entire record. *Roscoe*, 303 Mich App at 648.

The record shows that the prosecutor did not commit misconduct. Defendant's inaccurate claim to the contrary involves two separate exchanges between the prosecutor and the victim's school counselor, wherein the prosecutor allegedly asked the counselor whether she believed the victim was truthful in her recollections of her rape and sexual assault. In the first exchange, upon defense counsel's objection, the trial court immediately stopped the prosecution's line of questioning when it appeared that it might invite the counselor to "provide an opinion on the credibility of [the victim.]" *Dobek*, 274 Mich App at 71. The court then specifically noted that the counselor could not give her opinion on the victim's veracity (or lack thereof). The second exchange of which defendant complains was also immediately stopped by

---

federal and state constitutions. This argument was considered and flatly rejected by our Court in *People v Benton*, 294 Mich App 191; 817 NW2d 599 (2011), for the simple reason that the 25-year mandatory minimum sentence is not cruel and unusual punishment.

[3] In his claim for prosecutorial misconduct, defendant cites two separate exchanges between the prosecutor and a witness. Because his attorney only objected to *one* of these exchanges at trial, his claim for prosecutorial misconduct is properly preserved only for that single exchange. The exchange where defendant's attorney did not object is not properly preserved, and is accordingly reviewed for plain error that affected defendant's substantial rights. *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011).

the trial court, and did not therefore give the counselor an opportunity to comment on the victim's truthfulness.[4]

Accordingly, defendant cannot show that either line of questioning denied him a "fair and impartial trial," because (1) the prosecutor's questions were not improper, and (2) if they were, the counselor did not opine on whether the victim told the truth. *Roscoe*, 303 Mich App at 648; *Dobek*, 274 Mich App at 71.[5]

## B. STATUTORY MINIMUM SENTENCE

Facts that increase a mandatory minimum sentence must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne v United States*, ___ US ___; 133 S Ct 2151, 2163; 186 L Ed 2d 314 (2013); see also *People v Lockridge*, ___ Mich ___; ___ NW2d ___, 2015 WL 4562293. This case involves MCL 750.520b, one of the few Michigan statutes that actually impose a mandatory minimum sentence. In relevant part, the statute reads:

> (2) Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.
>
> (b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.

---

[4] Specifically, the second exchange reads as follows:

*Q.* Now, was [the victim] eager to talk to you?

*A.* I-- I don't think she was eager to talk to me, but it was almost like a relief for her. That's what it appeared to be.

*The Court*: I'm not gonna'-- I'm not gonna' allow that.

[5] Moreover, were we nonetheless to assume that the prosecutor erred in her questioning of the counselor, the trial court gave several jury instructions that cured any error. After closing arguments, the trial court instructed the jury that the lawyers' questions to the witnesses were not evidence. The court explained, "[y]ou should consider these questions only as they give meaning to the witnesses [sic] answers." The court also instructed the jury not to consider testimony that it struck during trial and that the jurors had to decide whether they believed the testimony of the witnesses. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Snyder*, 301 Mich App 99, 112; 835 NW2d 608 (2013) (citation omitted).

Clearly, MCL 750.520b(2)(b) requires a court to sentence a defendant to at least 25 years in prison if he is (1) 17 years or older, (2) commits CSC-I, (3) against a person less than 13 years of age.

Here, defendant wrongly claims that the trial court erred when it sentenced him to a mandatory minimum sentence of 25 years' imprisonment for each CSC-I conviction pursuant to MCL 750.520b(2)(b), because his age was not "found" by the jury. Though the trial court did not instruct the jury to specifically find defendant's age, the fact that it did not do so is inconsequential. Defendant never contested the fact that he was over 17 at the time he molested the victim. It is likely he chose not to do so because his age is simply not a critical issue in this case. Defendant, who was born in 1980, was 34 at the time of sentencing, and was at least 27 when he began abusing the victim in 2008. His age—and the fact that he was not anywhere near 17 during the events relevant to this case—was apparent to the jury, which saw defendant at trial.

Accordingly, it is simply not possible that the trial court's failure to have the jury specifically find defendant's age affected "the fairness, integrity, or public reputation" of his trial. *Carines*, 460 Mich at 763. Stated another way, we have no doubt that any reasonable jury would find that defendant was over age 17 when he sexually assaulted his stepdaughter.

Moreover, defendant's age is an objective fact,[6] and one of which the trial court had knowledge during this proceeding. His age and birthdate appeared in the presentence investigation report. And defendant's counsel openly admitted during sentencing that defendant was "in his 30s." Though the jury did not hear this admission, or necessarily have knowledge of the presentence investigation report, the trial court, in making its sentencing determinations, was entitled to take judicial notice of defendant's age because definitive information on his age was contained in the lower court file. See MRE 201 and *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009) (noting that a court can take judicial notice of its own files).

Accordingly, were we to assume error in the imposition of the statutory minimum sentence, the trial court's conduct did not affect the "fairness, integrity, and public reputation of the proceeding," and defendant's claim is without merit. *Carines*, 460 Mich at 763.

---

[6] The ultimate frivolity of defendant's appeal is revealed in defendant's comparison of his own case to that of the defendant Alleyne. *Alleyne* involved a trial court that made a finding as to whether a criminal defendant "brandished" a gun during a robbery. *Alleyne*, 133 S Ct at 2156. This sort of factual finding is actually a factual finding—it involves a judge determining, on the basis of the evidence, whether an event occurred.

Defendant's complaint about how the trial court impermissibly "found" the fact of his age bears no relation to the determination described above. Again, defendant's age was not contested at trial. Accordingly, defendant's age was not a matter of dispute that had to be "found" by a fact-finder, be it the jury or trial court. Rather, his age is a fact that is *not* subject to debate, and is easily discernable from looking at defendant and examining the record. In other words, the trial court, when it sentenced defendant under MCL 750.520b(2)(b), did not engage in a "fact-finding process"—it simply acknowledged reality.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad