PEOPLE v ROSCOE

Docket No. 311851. Submitted January 8, 2014, at Lansing. Decided January 14, 2014, at 9:00 a.m. Leave to appeal sought.

A jury in the Washtenaw Circuit Court, Archie C. Brown, J., convicted Shane N. Roscoe of felony murder, MCL 750.316(1)(b); safe breaking, MCL 750.531; breaking and entering a building with intent to commit a larceny, MCL 750.110, and assaulting, resisting, or obstructing a police officer, MCL 750.81d. The charges arose from the breaking and entering of a car dealership at which defendant had previously worked. During the break-in, an employee was beaten and run over with his own vehicle, and he subsequently died. Defendant appealed.

The Court of Appeals *held*:

1. Under MRE 804(b)(6), the forfeiture-by-wrongdoing exception to the hearsay rule, a defendant can forfeit the right to exclude hearsay by his or her own wrongdoing. The rule provides that a statement is not excluded under the hearsay rule if the declarant is unavailable and the statement is offered against a party who engaged in or encouraged wrongdoing that was intended to and did procure the unavailability of the declarant as a witness. To admit evidence under MRE 804(b)(6), the prosecution must show by a preponderance of the evidence that (1) the defendant engaged in or encouraged wrongdoing, (2) the wrongdoing was intended to procure the declarant's unavailability, and (3) the wrongdoing did procure the unavailability. The forfeiture-by-wrongdoing rule is also an exception to a defendant's constitutional right of confrontation. Both the Sixth Amendment and the court rule incorporate a specific intent requirement. Therefore, for the forfeiture-by-wrongdoing rule to apply, the defendant must have specifically intended his or her wrongdoing to render the witness unavailable to testify.

2. The trial court erred by admitting under the forfeiture-by-wrongdoing rule a statement from the deceased victim that identified defendant as his attacker. The admission of the statement violated both the rules of evidence and defendant's right to confront the witness because the trial court failed to find that defendant had the requisite specific intent and, in fact, stated that

the issue of intent was not before it, which was a clear abuse of discretion. The specific intent requirement necessitates the prosecution's showing that the defendant acted with, at least in part, the particular purpose of causing the witness's unavailability, rather than merely knew that the wrongdoing might cause the witness's unavailability. While there was evidence from which the jury could have inferred that defendant killed the victim because he was caught trying to steal from the dealership, it did not support an inference that defendant specifically intended to kill the victim to prevent him from testifying at trial, particularly given that there were no pending charges against defendant. The victim was hit in the head before the breaking and entering had been reported, and there was no evidence that the victim said he was going to call the police. Without specific findings by the trial court regarding intent, defendant's action were as consistent with the inference that he intended the breaking and entering to go undiscovered as they were with an inference that he specifically intended to prevent the victim from testifying.

3. Because the error regarding forfeiture by wrongdoing was not outcome determinative, however, it did not warrant reversal under evidentiary or constitutional standards. The prosecution presented ample other evidence from which a jury could conclude that defendant killed the victim, including (1) the fact that defendant matched the general description given by the victim in an admissible statement, (2) defendant's asking his wife, who worked at the hospital, to look into the victim's medical records, and (3) defendant's Internet searches regarding the incident. This was evidence of consciousness of guilt. Defendant also still had keys to the dealership, and there was no evidence of forced entry. He made statements to the police that showed that he had personal knowledge of the victim's attack because the details had not been released to the public. Moreover, defendant had a history of stealing from dealerships, and the police found stolen car parts unrelated to the present offense at defendant's home. Finally, defendant's ex-wife testified that defendant told her that he and another individual broke into the dealership and something went wrong, so he hit the victim twice in the head with a brick, which was consistent with the victim's injuries. In light of this other evidence, the erroneous admission of the victim's statement was not outcome determinative.

4. Defendant's counsel was not ineffective for failing to object on confrontation grounds to the admission of the victim's statement. To prove that he or she received ineffective assistance of counsel, a defendant must show (1) that defense counsel's perfor-

mance was deficient in that it fell below an objective standard of professional reasonableness and (2) that there is a reasonable probability the outcome of the trial would have been different but for counsel's performance. There is a presumption of effective assistance of counsel, and the burden is on the defendant to prove otherwise. An appellate court should neither substitute its judgment for that of counsel on matters of trial strategy nor use the benefit of hindsight when assessing counsel's competence. Although defense counsel here did not cite the Sixth Amendment as grounds to exclude the evidence, he vigorously argued that there was no evidence that defendant specifically intended to kill the victim to prevent him from testifying. Because the specific-intent requirement applies to the analysis under both the rules of evidence and the Sixth Amendment, the constitutional question will often go hand-in-hand with the evidentiary question. Thus, the fact that defense counsel did not specifically address the confrontation argument did not render his performance deficient. Given that the analysis for the evidentiary and constitutional questions is the same, it is unlikely that the trial court would have ruled differently had defendant actually raised a confrontation argument. Moreover, the admission of the victim's statement did not affect the outcome of the trial.

5. The trial court did not improperly admit evidence of other larcenies by defendant, including thefts from car dealerships, and there accordingly was no due process violation in the admission of the other-acts evidence. Under MRE 404(b)(1), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when material. The trial court must determine (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant under MRE 401 and MRE 402, and (3) whether the probative value of the evidence is substantially outweighed by unfair prejudice under MRE 403. Upon request, the trial court may provide a limiting instruction. The prosecution offered the evidence to prove that defendant had a common scheme or plan of breaking into businesses and stealing items that when sold together had a higher resale value, which was a proper purpose under MRE 404(b). The evidence was relevant because it showed that defendant had the same scheme or plan in this case, and the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. The trial court gave a limiting

instruction, which helped alleviate any danger of unfair prejudice, given that jurors are presumed to follow their instructions.

6. The trial court did not err by denying defendant's motion to disqualify the trial judge. MCR 2.003(C)(1)(b) provides that disqualification of a judge is warranted when from objective and reasonable perceptions the judge has either a serious risk of actual bias affecting the due process rights of a party or failed to adhere to the appearance-of-impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. A trial judge's ruling regarding the admission of evidence, no matter how erroneous, is not grounds for disqualification. Judicial disqualification based on due process grounds is reserved for extreme cases, and a ruling against a defendant, even if erroneous, generally does not create a serious, objective risk of actual bias that rises to an unconstitutional level. Although the trial court in this case incorrectly applied the forfeiture-by-wrongdoing rule, one erroneous ruling does not give the appearance of impropriety.

7. While defendant alleged instances of prosecutorial misconduct, they did not deny him his due process right to a fair trial. Because a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial. Issues of prosecutorial misconduct are decided case by case, and the reviewing court must examine the entire record and evaluate the prosecutor's remarks in context. Defendant argued that the prosecutor committed misconduct by stating during her opening statement that defendant stole snowmobiles and a trailer with his nephew. However, the opening statement is the appropriate time to state the facts that will be proved at trial. Moreover, the trial court ruled that those prior acts could properly be admitted, and the prosecutor presented evidence of the acts at trial. The prosecutor did commit misconduct when she stated that she had personal knowledge that a prosecution witness was lying. A prosecutor may not vouch for the credibility of a witness or suggest that he or she has some special knowledge that the witness is testifying truthfully, and similarly may not suggest that he or she has some special knowledge that the witness is testifying untruthfully. The error was not outcome determinative, however, and had defendant objected, an immediate curative instruction would have been sufficient to cure the error. Additionally, the prosecutor called other witnesses who testified about defendant's involvement with the snowmobile incident. Thus, although the prosecutor stated that she had special knowledge of the witness's untruthfulness, the jury eventually heard other testimony that the witness was lying.

8. Defendant argued that the trial court violated MCR 6.411 when it did not dismiss an alternate juror by random draw. Defense counsel, however, acting on behalf of defendant, requested that the juror be selected as one of the alternates because he was scheduled to take a test. The prosecutor agreed, and defendant did not object. Thus, defendant waived his right to have the jury alternates chosen by random draw, which extinguished the underlying error.

Affirmed.

1. EVIDENCE — HEARSAY — FORFEITURE BY WRONGDOING — INTENT TO PROCURE DECLARANT'S UNAVAILABILITY.

MRE 804(b)(6), the forfeiture-by-wrongdoing exception to the hearsay rule, provides that a statement is not excluded under the hearsay rule if the declarant is unavailable and the statement is offered against a party who engaged in or encouraged wrongdoing that was intended to and did procure the unavailability of the declarant as a witness; the rule is also an exception to a defendant's Sixth Amendment right of confrontation; to admit evidence under MRE 804(b)(6), the prosecution must show by a preponderance of the evidence that (1) the defendant engaged in or encouraged wrongdoing, (2) the wrongdoing was intended to procure the declarant's unavailability, and (3) the wrongdoing did procure the unavailability; for the forfeiture-by-wrongdoing rule to apply, the defendant must have specifically intended his or her wrongdoing to render the witness unavailable to testify, which requires the prosecution to show that the defendant acted with, at least in part, the particular purpose of causing the witness's unavailability, rather than merely knew that the wrongdoing might cause the witness's unavailability.

2. JUDGES — DISQUALIFICATION — ERRONEOUS RULINGS.

MCR 2.003(C)(1)(b) provides that disqualification of a judge is warranted when from objective and reasonable perceptions the judge has either a serious risk of actual bias affecting the due process rights of a party as enunciated in *Caperton v A T Massey Coal Co, Inc*, 556 US 868 (2009), or failed to adhere to the appearance-of-impropriety standard set forth in Canon 2 of the Code of Judicial Conduct; a trial judge's ruling regarding the admission of evidence, no matter how erroneous, is not grounds for disqualification, and one erroneous evidentiary ruling does not give the appearance of impropriety.

3. PROSECUTING ATTORNEYS — MISCONDUCT — VOUCHING FOR WITNESSES' CREDIBILITY.

The test for prosecutorial misconduct is whether a defendant was

denied a fair and impartial trial; issues of prosecutorial misconduct are decided case by case, and the reviewing court must examine the entire record and evaluate the prosecutor's remarks in context; a prosecutor may not vouch for the credibility of a witness or suggest that he or she has some special knowledge that the witness is testifying truthfully, and similarly may not suggest that he or she has some special knowledge that the witness is testifying untruthfully.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *Mark Kneisel*, Assistant Prosecuting Attorney, for the people.

Shane N. Roscoe, *in propria persona*, and *Jonathon B. D. Simon* for defendant.

Before: OWENS, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM. Defendant appeals as of right his jury-trial convictions of first-degree felony murder, MCL 750.316(1)(b); safe breaking, MCL 750.531; breaking and entering a building with intent to commit a larceny, MCL 750.110, and assaulting, resisting, or obstructing a police officer, MCL 750.81d. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to a prison term of life without parole for the felony-murder conviction. He was also sentenced to terms of 19 to 50 years' imprisonment for the safe-breaking conviction, 152 to 240 months' imprisonment for the breaking-and-entering conviction, and 1 to 2 years' imprisonment for the resisting-a-police-officer conviction. On appeal, defendant raises issues in an appellate brief prepared by appellate counsel and in a pro se supplemental brief pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. We affirm.

This case arises out of a breaking and entering at Jim Bradley's Pontiac dealership in Ann Arbor that resulted

in the death of one of the employees. It was alleged that defendant and his cousin, Jonathon Aiden, broke into the dealership, where they had previously worked, and stole paint and chemical hardeners. In the process, one of the night workers discovered the two men, and as a result, they hit him in the head twice with a blunt object and then ran him over with his own vehicle.

## I. FORFEITURE BY WRONGDOING

In the appellate brief, defendant first argues that the trial court abused its discretion by admitting the victim's hearsay statement pursuant to the forfeiture-by-wrongdoing rule, MRE 804(b)(6), and violated his right to confrontation in doing so. We agree, but conclude that reversal is not warranted.

To the extent defendant argues that admission of the evidence violated the rules of evidence, we review this preserved evidentiary error for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Id.* (quotation marks and citation omitted). However, to the extent that defendant argues that the admission of the evidence violated his confrontation right, we review this unpreserved constitutional error for plain error affecting defendant's substantial rights. See *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003) (noting that an objection based on the rules of evidence does not preserve the issue of whether the admission violated a constitutional right); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Defendant must show that the error affected the outcome of the lower court proceedings, and reversal is only warranted if the defendant is actually innocent or if

the error seriously affected the fairness, integrity, or public reputation of the proceedings. *Carines*, 460 Mich at 763.

Under MRE 804(b)(6), which is commonly known as the forfeiture-by-wrongdoing rule, "[a] defendant can forfeit his right to exclude hearsay by his own wrongdoing." *Burns*, 494 Mich at 110-111. This rule provides that a statement is not excluded by the hearsay rule if the declarant is unavailable and the " 'statement [is] offered against a party that has engaged in or encouraged wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.' " *Id.* at 110, quoting MRE 804(b)(6) (alteration in original). "To admit evidence under MRE 804(b)(6), the prosecution must show by a preponderance of the evidence that: (1) the defendant engaged in or encouraged wrongdoing; (2) the wrongdoing was intended to procure the declarant's unavailability; and (3) the wrongdoing did procure the unavailability." *Burns*, 494 Mich at 115.

The forfeiture-by-wrongdoing rule is also an exception to defendant's constitutional right of confrontation. *Id.* at 111. Both the Sixth Amendment and the court rule incorporate a specific-intent requirement. *Id.* at 111, 113-114. Thus, for the forfeiture-by-wrongdoing rule to apply, the defendant must have specifically intended his wrongdoing to render the witness unavailable to testify. *Id.* at 111, 113. The parties in this case do not dispute that the victim's statement was testimonial and, thus, subject to Sixth Amendment scrutiny.

Defendant argues that the victim's statement made on August 23, 2006, which identified defendant as the attacker, should have been excluded.[1] We agree. However, we find that because the erroneous admission of

---

[1] The victim made two other statements on August 20 and 26, 2006, but defendant does not challenge those statements on appeal.

the evidence was not outcome determinative, reversal is not warranted. The trial court's admission of the victim's August 23, 2006 statement violated both the rules of evidence and defendant's right to confront the witness because the trial court failed to make a factual finding that defendant had the requisite specific intent. See *Burns*, 494 Mich at 117. In fact, the trial court stated that the issue of intent was not before the court, which was a clear abuse of discretion because that was the main issue the trial court should have determined.

The prosecution, however, argues that there was sufficient evidence presented from which one could easily infer that defendant intended to murder the victim to prevent him from testifying at trial. However, as was the case in *Burns*, the record does not compel such a finding. *Id*. at 115. Although there was evidence from which to infer that defendant killed the victim because he was caught trying to steal from the dealership, this does not support an inference that defendant specifically intended to kill the victim to prevent him from testifying at trial, particularly given that there were no pending charges against defendant. "[A] defendant's wrongdoing *after* the underlying criminal activity has been reported or discovered is inherently more suspect, and can give rise to a strong inference of intent to cause a declarant's unavailability." *Id*. at 116. In this case, the victim was hit in the head before the breaking and entering had been reported, and there was no evidence that the victim said that he was going to call the police. As our Supreme Court stated, without specific findings by the trial court regarding intent, defendant's action were as consistent with the inference that his intention was that the breaking and entering he was committing go undiscovered as they were with an inference that he specifically intended to prevent the victim from testifying. *Id*. at 116-117. Further, the

specific-intent requirement demands that the prosecution "show that defendant acted with, at least in part, the particular purpose to cause [the witness's] unavailability, rather than mere knowledge that the wrongdoing may cause the witness's unavailability." *Id.* at 117. Thus, given that the trial court failed to make findings of defendant's specific intent to prevent the victim from testifying, it was error to admit the victim's August 23, 2006 statement.

However, because this error was not outcome determinative, it does not warrant reversal under evidentiary or constitutional standards. See *id.* at 110; *Carines*, 460 Mich at 763. The prosecution presented ample other evidence from which a jury could conclude beyond a reasonable doubt that defendant killed the victim. Defendant was a white male, with dark hair, and a former employee of the dealership, which matched the general description given by the victim.[2] Following the incident, defendant asked his wife, who worked at the hospital, to look into the victim's medical records. There was also evidence that he conducted Internet searches regarding the incident, and he also searched the Ann Arbor death notices and the felonious-assault statute. This is evidence of consciousness of guilt. Additionally, defendant told the police that he still had keys to the dealership, and notably, there was no evidence of forced entry. He also made statements to the police that showed that he had personal knowledge of

---

[2] Although defendant does not challenge this evidence on appeal, the victim's statement made on August 20, 2006, which provided that information, was admissible as a dying declaration. It is clear from the victim's repetitive statement "I'm dying, please get my mother" that he believed death was imminent, and given that he had suffered a severe head injury, the surrounding circumstances clearly indicate that the victim was *in extremis*. See MRE 804(b)(2); *People v Stamper*, 480 Mich 1, 3-4; 742 NW2d 607 (2007).

the victim's attack given that the details had not been released to the public. Further, there was evidence that defendant had a history of stealing from dealerships, and while executing a search warrant at defendant's home, the police found stolen car parts unrelated to the present offense. Finally, defendant's ex-wife testified that defendant told her that he and Aiden had broken into the dealership and something went wrong, so he hit the victim twice in the head with a brick, which was consistent with the victim's injuries. She also testified that defendant told her that they took a cell phone from the dealership and Aiden called 911 before throwing it out the window, and other evidence presented supported this testimony. Thus, in light of this other evidence, the erroneous admission of the victim's statement was not outcome determinative.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues in the appellate brief that defense counsel was ineffective for failing to object to the admission of the victim's statement on confrontation grounds. We disagree.

Our review is "limited to mistakes apparent from the record" because defendant did not raise the issue of ineffective assistance of counsel in a motion for a new trial or request an evidentiary hearing as required by *People v Ginther*.[3] *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008).

To prove that defendant received ineffective assistance of counsel, he must show (1) "that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness" and (2) that there is a reasonable probability that the

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

outcome of the trial would have been different but for counsel's performance. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007), see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). There is a presumption of effective assistance of counsel, and the burden is on defendant to prove otherwise. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). An appellate court should neither "substitute [its] judgment for that of counsel on matters of trial strategy, nor . . . use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

It is not apparent from the record that defense counsel was ineffective for failing to object to the admission of the victim's statement on confrontation grounds. Although defense counsel did not cite the Sixth Amendment as grounds to exclude the evidence, he vigorously argued at the motion hearing that there was no evidence that defendant intended to kill the victim to prevent him from testifying. As discussed, the intent requirement applies to both the rules of evidence and the Sixth Amendment analysis, and "the constitutional question will often go hand-in-hand with the evidentiary question . . . ." *Burns*, 494 Mich at 113-114. Thus, the fact that defense counsel did not specifically address the confrontation argument does not render his performance deficient. Additionally, given that the analysis for the evidentiary and constitutional questions is the same, it is unlikely that the trial court would have ruled differently had defendant actually raised a confrontation argument. This is particularly so considering that the trial court stated that the issue before the court was not intent; it was whether defendant had forfeited the right to confront the witness. Further, as discussed, the admission of the victim's statement did

not affect the outcome of the trial. Thus, even if defense counsel's performance was deficient, there is not a reasonable probability that the outcome of the trial would have been different. Accordingly, defendant has failed to establish that defense counsel's performance denied him his constitutional right to effective assistance of counsel.

### III. OTHER-ACTS EVIDENCE

Next, defendant argues in the appellate brief that the trial court violated the rules of evidence and due process of law by improperly admitting other-acts evidence. We disagree.

We review this preserved evidentiary error for an abuse of discretion. *Burns*, 494 Mich at 110.

Defendant argues that the trial court erred by admitting the following bad acts: (1) a 2000 larceny of snowmobiles and a trailer, (2) a 2008 larceny of black India granite and bags of setting materials from a job site in Kentucky where defendant was working, and (3) three incidents in 1991 in which defendant stole items from three separate car dealerships.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In determining the admissibility of other-acts evidence, the trial court must determine (1) whether the evidence is offered for a proper purpose under MRE 404(b), (2)

whether the evidence is relevant under MRE 401 and MRE 402, and (3) whether the probative value of the evidence is substantially outweighed by unfair prejudice under MRE 403. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993). Also, upon request, the trial court may provide a limiting instruction. *Id.* at 75.

The prosecution offered evidence to prove that defendant had a common scheme or plan of breaking into businesses and stealing items that when sold together have a higher resale value, which is a proper purpose under MRE 404(b). Additionally, the evidence was relevant in that it showed that defendant had the same scheme or plan in the case at bar. The threshold for relevance is minimal, and *any* tendency is sufficient. *People v Crawford*, 458 Mich 376, 390; 582 NW2d 785 (1998). Finally, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The evidence shows a common scheme or plan by defendant of targeting car dealerships. The evidence also shows that defendant has a tendency to steal items that may not be of much value to the average person, but actually have a high resale value when sold together, such as the granite and setting materials. The similarity between the other incidents and this case make the evidence highly probative of a common scheme or plan, particularly because in this case defendant targeted a car dealership and the items missing were paint and hardening chemicals, which to the average person have little value, but defendant had knowledge of their high resale value. Additionally, the trial court provided a limiting instruction, which can help to alleviate any danger of unfair prejudice, given that jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Accordingly, the trial court did not err by

admitting the evidence pursuant to MRE 404(b), and as such, there was no due process violation.

Accordingly, we find no errors in defendant's appellate brief warranting reversal.

### IV. STANDARD 4 BRIEF ISSUES

Defendant also raises three claims of error in a separate, Standard 4 brief. First, defendant argues that the trial court erred by denying his motion to disqualify the trial judge. We disagree.

"When this Court reviews a decision on a motion to disqualify a judge, the trial court's findings of fact are reviewed for an abuse of discretion, while the application of the facts to the relevant law is reviewed de novo." *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999).

Defendant argues that the trial judge should have been disqualified pursuant to MCR 2.003(C)(1)(b), which provides that disqualification of a judge is warranted when

> [t]he judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v [A T]  Massey [Coal Co, Inc]*, [556] US [868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

Contrary to defendant's argument, a trial judge's ruling regarding the admission of evidence, no matter how erroneous, is not grounds for disqualification. See *Bayati v Bayati*, 264 Mich App 595, 603; 691 NW2d 812 (2004). Judicial disqualification based on due process grounds is reserved for extreme cases. *Caperton*, 556 US at 890. And a ruling against a defendant, even if

erroneous, does not create a serious, objective risk of actual bias that rises to an unconstitutional level. See *id.* at 886-887. Additionally, although the trial judge incorrectly applied the forfeiture-by-wrongdoing rule, one erroneous ruling does not give the appearance of impropriety. Accordingly, defendant has failed to prove that judicial disqualification was warranted under MCR 2.003(C)(1)(b).

Next, defendant argues that there were instances of prosecutorial misconduct that denied him his due process right to a fair trial. We disagree.

We review this unpreserved claim for plain error affecting defendant's substantial rights. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Reversal is only warranted if defendant was actually innocent and the plain error caused defendant to be convicted or "if the error 'seriously affected the fairness, integrity, or public reputation of judicial proceedings,' " regardless of defendant's innocence. *Id.* at 454, quoting *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003).

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id.* at 64.

First, defendant argues that the prosecutor committed misconduct by stating during the opening statement that defendant stole snowmobiles and a trailer with his nephew. However, the "[o]pening statement is the appropriate time to state the facts that will be proved at trial." *People v Ericksen*, 288 Mich App 192,

200; 793 NW2d 120 (2010). Before trial, the trial court ruled that these prior acts of defendant could properly be admitted at trial, and the prosecutor presented evidence of the acts at trial. Thus, the prosecutor did not commit misconduct by referring to defendant's involvement with stealing snowmobiles.

Second, defendant argues that the prosecutor committed misconduct when she stated that she had personal knowledge that the government's witness was lying. It is true that a prosecutor may not vouch for the credibility of a witness or suggest that he or she has some special knowledge that the witness is testifying truthfully. *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997). Similarly, a prosecutor may not suggest that he or she has some special knowledge that the witness is testifying untruthfully. Accordingly, the prosecutor erred in this regard. However, this error was not outcome determinative. *Unger*, 278 Mich App at 235. Had defendant objected to this instance of prosecutorial misconduct, an immediate curative instruction would have been sufficient to cure the error. Additionally, the prosecutor called other witnesses who testified about defendant's involvement with the snowmobile incident. Thus, although the prosecutor stated that she had special knowledge of the witness's untruthfulness, the jury eventually heard other testimony that the witness was lying. Accordingly, the prosecutor's remarks did not deprive defendant of his due process right to a fair trial.

Finally, defendant argues that the trial court violated MCR 6.411 when it did not dismiss an alternate juror by a random draw. However, defense counsel, acting on behalf of defendant, requested that the juror be selected as one of the alternates because of a test he was scheduled to take. The prosecution agreed and defen-

dant did not object. Thus, defendant waived his right to have the jury alternates chosen by random draw, which extinguished the underlying error, and defendant may not seek appellate review of this issue. *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012).

Accordingly, we also find no errors in defendant's Standard 4 brief warranting reversal.

Affirmed.

OWENS, P.J., and BORRELLO and GLEICHER, JJ., concurred.