# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

VALENTE GEONELLI FAULKS,

        Defendant-Appellant.

UNPUBLISHED
July 14, 2016

No. 326759
Wayne Circuit Court
LC No. 14-009007-FC

---

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced to 30 to 50 years' imprisonment for his second-degree murder conviction, and two years' imprisonment for his felony-firearm conviction. We affirm defendant's convictions, but remand for a *Crosby*[2] hearing in accordance with *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

Defendant first argues that the prosecutor committed prosecutorial misconduct during trial. We disagree. Defendant raises several alleged instances of misconduct. Because defendant did not object to the prosecutor's conduct at trial, this issue is unpreserved and review is limited to plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014).[3] To show plain error, defendant must demonstrate prejudice, *i.e.*, that the error affected the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999). Error requiring reversal will not be found when a curative instruction could have displaced any prejudicial effect of the prosecutor's misconduct. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005).

---

[1] Defendant was also charged with, and acquitted of, one count of first-degree murder, MCL 750.316.

[2] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

[3] While defendant did object to the admission of evidence relating to one of defendant's claims, he did not object on the grounds of prosecutorial misconduct.

-1-

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Questions of prosecutorial misconduct are decided on a case-by-case basis, and a prosecutor's remarks must be evaluated in context, including the defense arguments, and their relationship to the evidence admitted at trial. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014); *Dobek*, 274 Mich App at 64. "Prosecutors have discretion on how to argue the facts and reasonable inferences arising therefrom, and are not limited to presenting their arguments in the blandest terms possible." *People v Meissner*, 294 Mich App 438, 456; 812 NW2d 37 (2011). "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *Dobek*, 274 Mich App at 70.

Defendant first argues that the prosecutor improperly elicited testimony from the arresting officer, James Johnson, regarding the weapon defendant was carrying at the time of his arrest. We disagree. Before trial, the trial court ruled that any evidence of defendant's pending carrying a concealed weapon charge would be excluded from trial. During trial, the prosecutor elicited testimony that defendant was arrested with a gun in his possession. Johnson testified that it was "a Glock model." On cross-examination, defense counsel elicited testimony from Johnson that the firearm carried by defendant was not the weapon used to kill the victim.[4]

Defendant cannot establish error in regard to the prosecutor's elicitation of this testimony from Johnson. While the trial court excluded evidence regarding defendant's pending charge of carrying a concealed weapon, the court did not exclude evidence of the firearm found on defendant or any other circumstances surrounding his arrest. As stated above, a prosecutor's good-faith effort to admit evidence is not prosecutorial misconduct. *Id*. "The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). To the extent that defendant's claim "is essentially an evidentiary issue framed as prosecutorial misconduct," *Dobek*, 274 Mich App at 70, we do not agree that the testimony was improper as it directly pertained to defendant's felony-firearm charge. MRE 401.

Further, defendant cannot demonstrate prejudice. Two eyewitnesses directly identified defendant as the individual who shot and killed the victim. Another witness testified that defendant was the only individual who was brandishing a weapon at the time of the shooting. In light of the overwhelming direct evidence against defendant, it cannot be said that the prosecution's introduction of evidence that a gun was found on defendant affected the outcome of the case. *Carines*, 460 Mich at 762-763.

---

[4] The prosecution argues that defendant waived review of this issue by questioning Johnson about the firearm on cross-examination. We disagree. After the prosecution elicited testimony that a firearm was found on defendant, defense counsel necessarily would need to elicit testimony that this firearm was not the murder weapon. While this issue was unpreserved by defense counsel, we do not agree that it was waived.

Next, defendant argues that the prosecutor committed misconduct when she elicited testimony regarding an offense that occurred while defendant was a juvenile. We disagree. At trial, both defendant and Ronald Harrell, defendant's friend, testified that they had not met until 2014. The prosecutor then called Officer Johnson as a rebuttal witness. Johnson testified that in 2010, he stopped a car driven by defendant after a brief pursuit. Johnson testified that Harrell was in the front passenger's seat of the vehicle. Defendant argues that the prosecutor committed misconduct by eliciting this testimony because the trial court had previously excluded all evidence concerning defendant's juvenile record. However, as the trial court noted after defense counsel's objection, Johnson did not testify regarding whether his stop of defendant resulted in any juvenile charges or whether defendant had any type of juvenile record. The testimony was clearly being offered to rebut Harrell's testimony that he and defendant had only met just prior to the shooting in question, revealing Harrell's potential bias towards defendant, his friend of at least four years at the time of trial. It is well settled that evidence of a witness's bias is always relevant. *People v Layher*, 464 Mich 756, 764; 631 NW2d 281 (2001). Moreover, Johnson's testimony impeached both defendant's and Harrell's testimony that they had not met until 2014. Once again, the prosecutor's good-faith attempts to introduce evidence cannot be considered misconduct. *Dobek*, 274 Mich App at 70. Therefore, the prosecutor did not engage in misconduct when she questioned Johnson regarding his stop of defendant and Harrell.

Defendant also argues that even if Johnson's testimony was permissible, he should not have mentioned the vehicle chase and a curative instruction should have been provided to the jury. Notably, defendant failed to request a curative instruction regarding Johnson's testimony. Moreover, where a curative instruction could have cured prejudice resulting from prosecutorial misconduct, reversal is not warranted. *Johnigan*, 265 Mich App at 467. Finally, any prejudice resulting from Johnson's testimony was not sufficient to show prejudice in light of the direct evidence implicating defendant, discussed *supra*.

Finally, defendant argues that the prosecutor committed misconduct when she stated that defendant carries guns on a regular basis where defendant only testified, "I have carried a gun." While this statement was not precisely what defendant testified, the prosecution is not required to present its argument in the blandest possible terms. *Meissner*, 294 Mich App at 456. Additionally, defendant's claim that he has only "carried a gun" is undermined by the fact that three witnesses saw him shoot the victim as well as the fact that a gun was found on him at the time of his arrest. Accordingly, we conclude that defendant is not entitled to relief on the basis of prosecutorial misconduct.

Defendant next argues that he is entitled to a remand for resentencing in light of the Michigan Supreme Court's decision in *Lockridge*, 498 Mich 358. Defendant argues that OV 1, OV 2, OV 3, OV 5, OV 9, and OV 13 were scored on the basis of impermissible judicially found facts. We disagree that defendant is entitled to resentencing; defendant is, however, entitled to a *Crosby* remand.

In order to preserve a *Lockridge* issue, a defendant must object at sentencing to the scoring of the OVs on that basis. *Id*. at 392. The issue may also be preserved by raising it in a motion for resentencing. *People v Terrell*, 312 Mich App 450, 464; ___ NW2d ___ (2015). Defendant raised a *Lockridge* issue in a motion for resentencing in the trial court. The trial court denied defendant's motion, reasoning that *Lockridge* does not apply retroactively. Therefore this

-3-

issue is preserved for appeal. A preserved *Lockridge* claim is reviewed for harmless error beyond a reasonable doubt. *Id*.

In *Lockridge*, the Court held that Michigan's sentencing guidelines scheme violates the Sixth Amendment of the United States Constitution. *Lockridge*, 498 Mich at 374. The Court's ruling followed the United States Supreme Court's decision in *Alleyne v United States*, 570 US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013), which held that judicial fact-finding that increases the mandatory minimum sentence violates a defendant's Sixth Amendment rights. *Lockridge*, 498 Mich at 374. The Court in *Lockridge* held that Michigan's sentencing guidelines scheme violates the Sixth Amendment because it allows judges to find by a preponderance of the evidence facts that are then used to compel an increase in the mandatory minimum punishment a defendant receives. *Id*. at 399. To remedy the constitutional violation, the Court severed MCL 769.34(2) to the extent that it makes the sentencing guidelines, as scored based on facts beyond those admitted by the defendant or found by the jury, mandatory. *Id*. The Court explained that a sentencing court must still score the guidelines to determine the applicable guidelines range, but a guidelines range calculated in violation *Alleyne* was now advisory only. *Id.* at 365.

In order for *Lockridge* to apply, the Court held that the defendant must first demonstrate that his OV level was calculated using facts not found by a jury beyond a reasonable doubt or admitted by the defendant. *Id*. The defendant must also make a showing that without this erroneous calculation, he would have fallen within a different minimum sentencing range. *Id*. Here, the prosecution concedes that defendant has made such a showing, and we agree. The *Lockridge* Court explained that the appropriate remedy is a *Crosby* remand for a determination whether the trial court would have imposed a materially different sentence but for the constitutional error. *Id*. at 396-397. "If the trial court determines that the answer to that question is yes, the court shall order resentencing." *Id.* at 397. This remand procedure applies to both preserved and unpreserved *Lockridge* claims. *People v Stokes*, 312 Mich App 181, 203; 877 NW2d 752 (2015).[5]

Contrary to the trial court's ruling, *Lockridge* is to be applied retroactively. "[I]t is well-established that a new rule for the conduct of criminal prosecutions that is grounded in the United States Constitution applies retroactively to all cases, state or federal, pending on direct review or not yet final." *People v Lonsby*, 268 Mich App 375, 389; 707 NW2d 610 (2005). Because *Lockridge* concerned a Sixth Amendment issue and because defendant's case was not yet final at the time *Lockridge* was decided, it applies retroactively.

---

[5] Appeals for both *Terrell* and *Stokes* to the Michigan Supreme Court have been held in abeyance pending the Supreme Court's decisions in *People v Steanhouse*, 313 Mich App 1; __NW2d__(2015), lv gtd __Mich__(2016) (Docket Nos. 152671, 152849, 152871-3, 152946-8), and *People v Masroor*, __Mich App__; __NW2d__(2015) (Docket Nos. 322280, 322281, 322282), lv gtd __Mich__ (2016) (Docket Nos. 152671, 152849, 152871-3, 152946-8). However, "[t]he filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2).

Defendant also argues that his 30-year minimum sentence was not reasonable considering his relatively young age and his lack of prior adult crimes. However, defendant has failed to brief this issue and has therefore abandoned it on appeal. *People v Coy*, 258 Mich App 1, 19-20; 669 NW2d 831 (2003) ("Where a defendant raises an issue in his statement of questions presented but fails to argue the merits in his brief, the issue is abandoned."). Regardless, it should be noted that the scoring of the PRVs takes into account a defendant's adult and juvenile criminal history, or lack thereof. MCL 777.50. At sentencing, defense counsel acknowledged that defendant's PRVs were scored correctly. Furthermore, this Court is only to review a sentence for reasonableness if the trial court departed from the minimum sentencing range. *Lockridge*, 498 Mich at 392. The trial court did not depart from defendant's improper minimum sentencing range. Therefore, defendant's claim lacks merit.

We affirm defendant's convictions but remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra