# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON ANTHONY SIEGEL,

        Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No. 326503
Macomb Circuit Court
LC No. 2014-002139-FH

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of unlawfully posting a message through an electronic medium without consent, MCL 750.411s(2)(a), and using a computer to commit a crime, MCL 752.796. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 3 to 15 years' imprisonment for each conviction. We affirm.

This case arises from a series of threats made by defendant against his former probation officer, Doreen Evo-Cherry. Defendant left a threatening voicemail on Evo-Cherry's work phone and posted a threatening video on Facebook directed at Evo-Cherry. Defendant claimed that he was not threatening Evo-Cherry in the Facebook video and did not intend for her to see it.

Defendant first argues that the prosecutor committed several acts of prosecutorial misconduct. Because defendant did not object to the prosecutor's conduct at trial, this issue is unpreserved and review is limited to plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014). Reversal is warranted only when plain error resulted in the conviction of an innocent person, or seriously affected the fairness, integrity, or public reputation of the proceedings. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Error requiring reversal will not be found when a curative instruction could have displaced any prejudicial effect of the prosecutor's misconduct. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005).

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Questions of prosecutorial misconduct are decided on a case-by-case basis, and a prosecutor's remarks must be evaluated in context, including the defense arguments, and their relationship to the evidence admitted at trial. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014); *Dobek*, 274

-1-

Mich App at 64. "Prosecutors have discretion on how to argue the facts and reasonable inferences arising therefrom, and are not limited to presenting their arguments in the blandest terms possible." *People v Meissner*, 294 Mich App 438, 456; 812 NW2d 37 (2011).

Defendant first asserts that the prosecutor committed misconduct when he questioned defendant regarding a prior criminal conviction that resulted from threats defendant made against Judge Carl F. Gerds III. Defendant also complains that subsequent statements made by the prosecution during closing arguments regarding this prior conviction also constituted misconduct. We disagree.

"Under the doctrine of invited error, a party waives the right to seek appellate review when the party's own conduct directly causes the error." *People v McPherson*, 263 Mich App 124, 139; 687 NW2d 370 (2004). If any alleged error resulted from defendant's own questions, defendant "has lost his right to assert this issue on appeal." *Id*. Here, while the prosecution asked several questions regarding defendant's prior conviction, it was actually defense counsel who first elicited the details of defendant's prior conviction during direct examination of defendant's father, over the prosecution's objection to relevancy. Defense counsel further questioned defendant regarding the prior conviction during defendant's direct examination. Only after defendant's testimony did the prosecutor question defendant regarding the prior conviction. Thus, the alleged error resulted from defense counsel's questions.

Additionally, the prosecutor only mentioned the prior conviction during closing argument in rebuttal to defense counsel's argument that defendant's prior conviction demonstrated that defendant had reason to be justifiably frustrated by the judicial system. A prosecutor may fairly respond to an issue raised by the defendant. *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). Moreover, the court gave a limiting instruction to the jury regarding the evidence relating to defendant's prior convictions, as well as an instruction that the prosecutor's statements were not evidence. Thus, even if the prosecutor committed misconduct in questioning defendant and making statements regarding defendant's prior conviction, the trial court's instructions were sufficient to protect defendant's substantial rights. Accordingly, defendant's claim fails.

Defendant also asserts that the prosecutor committed misconduct when he referenced the need to protect the public from defendant in his closing argument because the statement implied that defendant was a physical threat to the public and jury. We disagree. In his closing argument, defense counsel stated that, "I think that at this point that the prosecution hasn't proved that [defendant] would be guilty of unlawfully posting this on the Internet, using a computer to do so, because of the . . . testimony as to his medical state of mind at the time[.]" In response, the prosecutor argued that defendant's criminal behavior was not excused because he voluntarily stopped taking his medication, and that "the safety of the public and the victim in this case should not depend on whether the defendant chooses or not to take his medication."

A prosecutor may not make civic duty arguments that appeal to the fears and prejudices of the jury, *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995), or ask a jury to convict a defendant as part of its civic duty, *People v Ackerman*, 257 Mich App 434, 452; 669 NW2d 818 (2003). However, we disagree that, when read in context, the prosecutor was suggesting that defendant was a risk to public safety. Rather, the prosecutor was attempting to emphasize that

defendant's mental health was not an element of the crimes charged and that his failure to take his medication did not excuse his action. Moreover, the trial court instructed the jury to not be influenced by sympathy or prejudice. Thus, we conclude that no misconduct occurred.

Relatedly, defendant argues that defense counsel was ineffective for failing to object to the alleged instances of prosecutor misconduct. We disagree. Based on our conclusion that no prosecutor misconduct occurred, defense counsel was not ineffective for failing to object because any objection would have been futile. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[1]

Defendant next argues that the recent United States Supreme Court case, *Elonis v United States*, __ US __ ;135 S Ct 2001; 192 L Ed 2d 1 (2015), mandates reversal of his convictions. We disagree. Because defendant failed to raise this issue in the trial court, it is unpreserved. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). Generally, issues of statutory interpretation are reviewed de novo. *People v Hartwick*, 498 Mich 192, 209, 215; 870 NW2d 37 (2015). However, unpreserved claims are reviewed for plain error affecting substantial rights. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

In *Elonis*, the Supreme Court interpreted a criminal statute, 18 USC 875(c), which states, "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." Thus, 18 USC 875(c) criminalized communicating a threat through interstate commerce, but omitted an express element of intent. Accordingly, before *Elonis*, a threat which was obviously impossible to carry out, a joke, sent by mistake, without understanding of its contents, or was otherwise not a genuine threat, would still satisfy the literal language of the statute. However, the *Elonis* Court noted that " 'wrongdoing must be conscious to be criminal' and that a defendant must be 'blameworthy in mind' before he can be found guilty.' " *Elonis*, __ US at __; 135 S Ct at 2003, quoting *Morissette v United States*, 342 US 246, 250; 72 S Ct 240; 96 L Ed 288 (1952).

Before *Elonis*, courts filled this intent gap by imposing an objective test: a threat could give rise to criminal liability only if a 'reasonable person' familiar with the context of the communication would interpret it as a true threat of injury. See *United States v Francis*, 164 F 3d 120, 123 (CA 2, 1999). However, *Elonis* overturned those previous cases which held that a finding that a reasonable person would perceive the communication as a threat was sufficient to supply the intent element, and found that the "mental state requirement is [only] satisfied if the defendant transmits a communication *for the purpose of issuing a threat or with knowledge that*

---

[1] While defendant does not argue that defense counsel was ineffective for initiating questioning regarding defendant's prior conviction, we note that we would reject any argument in that regard because defendant cannot overcome the presumption of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Defendant's theory at trial was that he made the Facebook video at issue to express his frustration with the judicial system, including Judge Gerds and Evo-Cherry. Defense counsel may reasonably have questioned defendant about the prior conviction in order to further develop this theory at trial.

*the communication will be viewed as a threat."* *Elonis*, __ US at __; 135 S Ct at 2004 (emphasis added).

Defendant analogizes 18 USC 875 to the statute at issue here, MCL 750.411s. Initially, we note that, even if MCL 750.411s were similar to 18 USC 875(c), this Court is not bound to interpret MCL 750.411s in accordance with the Supreme Court's interpretation of 18 USC 875(c). See *Dana v American Youth Foundation*, 257 Mich App 208, 215; 668 NW2d 174 (2003) (noting that even if a Michigan statutory provision closely mirrors a federal provision, "interpretations of the federal statute provide highly persuasive, although not binding, authority."). Regardless, MCL 750.411s is substantially different than 18 USC 875(c) because it includes an express element of intent. MCL 750.411s provides;

> (1) A person shall not post a message through the use of any medium of communication, including the internet or a computer, computer program, computer system, or computer network, or other electronic medium of communication, without the victim's consent, if all of the following apply:
>
> (a) The person knows or has reason to know that posting the message could cause 2 or more separate noncontinuous acts of unconsented contact with the victim.
>
> (b) *Posting the message is intended to cause conduct* that would make the victim feel terrorized, frightened, intimidated, threatened, harassed, or molested.
>
> (c) Conduct arising from posting the message would cause a reasonable person to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested.
>
> (d) Conduct arising from posting the message causes the victim to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested. [Emphasis added.]

Thus, MCL 750.411s is substantially different than 18 USC 875(c) because the 'reasonable person' standard in MCL 750.411s (1)(c), which defendant claims is insufficient to establish criminal culpability after *Elonis*, is not the intent element. Moreover, the intent element, which the Supreme Court supplied through implication in *Elonis*, is present in the express terms of MCL 750.411s(1)(b) in that the prosecution has the burden of proving that defendant acted *with the intent* to cause conduct that would make Evo-Cherry feel terrorized. Because of the specificity MCL 750.411s(b), there is no need for this Court to add implied elements of intent to the offense like the *Elonis* Court. Accordingly, *Elonis* is inapplicable to the instant case and does not mandate reversal of defendant's convictions. See, e.g., *United States v Ulibarri*, 115 F Supp 3d 1308, 1332-1333 (D NM, 2015) (finding that *Elonis* "does not require the Court to interpret § 2J1.2(b)(1)(B) as requiring that the defendant intended the target of the threat to feel threatened" because, unlike 18 USC 875(c), "2J1.2(b)(1)(B) of the Sentencing Guidelines already contains a mens rea requirement."); *United States v Kirsch*, __ F Supp 3d __ (WD NY, 2015) (finding that "*Elonis* does not apply because the extortion statutes at issue here are different from 18 USC 875(c)" and the "federal and state extortion statutes [at issue] do not contain the same mental-

intent void that the Supreme Court identified in § 875(c).").  Thus, defendant has failed to show plain error affecting his substantial rights.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra