# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RONALD ROBERT BURRILL,

Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 329538
Wayne Circuit Court
LC No. 14-008540-01-FH

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of capturing or distributing the image of an unclothed person (capturing/distributing), MCL 750.539j(2)(b). The trial court sentenced defendant to 30 months' probation. Because the challenged evidence was admissible, we affirm.

On September 5, 2014, CS arrived at a Barnes & Noble in Northville Township with her three children: her daughter AC, age 13 years old; her five-year-old daughter; and her 20-month-old son. AC was wearing a dress that day.

Before going into the store, CS noticed defendant pacing in the parking lot outside of the store. She and her children proceeded toward the store, and defendant almost immediately began following them. According to CS, AC held the door open for defendant when they arrived at the store's entrance.

Once in the store, CS and her family began browsing for books. However, as CS moved through the store she noticed that each time she and her children went into an aisle defendant was nearby. CS became suspicious of defendant, and she tried to communicate these suspicions to AC by giving her "the eye," but AC did not apprehend the meaning of this communication. AC, unable to find the book she sought, asked permission from CS to check the store computer kiosk to search for her book. CS assented, but she noticed that defendant began to follow AC as she headed to the computer kiosk. CS, now very concerned, moved to collect her five-year-old daughter from the children's section of the store, and by the time she shifted her attention back to CS she saw defendant holding his phone between AC's legs.

-1-

CS began screaming at defendant, and this caused AC to turn around and see defendant standing in front of her. A verbal confrontation ensued, and defendant quickly exited the store. Defendant was eventually identified after footage from the store's surveillance system was released to the media.

During a search of defendant's residence a computer was recovered. This computer had a single registered username, and that username was identical to defendant's first name. The police detective who analyzed the computer found multiple photographs focused on the undergarment areas of young women and girls wearing skirts and dresses among that computer's temporary internet files. [1]

Prior to defendant's trial, the prosecution filed a motion to admit these photographs into evidence. Defendant opposed the prosecution's motion. The trial court ultimately granted the prosecution's motion, as it concluded that the photographs did "not only show propensity, but also similar acts. In other words, he's trying [to] duplicate what was reflected on the computer in those images." Defense counsel also raised an objection to the admission of the photographs at trial, and the trial court again elected to admit the photographs, because of the similarity of the photographs and defendant's conduct.

On appeal, defendant argues that the trial court abused its discretion by admitting the photographs into evidence. We disagree.

"The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013), citing *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015), citing *Duncan*, 494 Mich at 723. "We review such questions of law de novo." *Jackson*, 498 Mich at 257, citing *Duncan*, 494 Mich at 723. "If the court's evidentiary error is nonconstitutional and preserved, then it is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the

---

[1] As explained by the Michigan Supreme Court, "[t]emporary Internet files or TIFs are records of all the websites a computer user has visited. Every time a user visits a website, most web browsers will automatically send a record of that website to the hard drive so that the computer can access the website faster in the future. A user can access the stored TIF even if working off-line. The TIF remains on the computer permanently unless the user manually deletes that record or the computer deletes that record in accordance with its maintenance settings. Even after its deletion, evidence of the TIF remains in an imbedded index on the computer's hard drive. The 'internet cache' or 'internet temporary folder' is a 'set of files kept by a web browser to avoid having to download the same material repeatedly. Most web browsers keep copies of all the web pages that you view, up to a certain limit, so that the same images can be redisplayed quickly when you go back to them.' " *People v Flick*, 487 Mich 1, 4 fn 1; 790 NW2d 295 (2010), quoting Downing, et al, *Dictionary of Computer and Internet Terms* (Hauppauge: Barron's, 8th ed, 2003) p 149.

verdict." *Jackson*, 498 Mich at 257, citing *People v Douglas*, 496 Mich 557, 565-566, 852 NW2d 587 (2014) (quotation marks omitted).

MRE 404(b) provides:

(b) Other crimes, wrongs, or acts.

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

"MRE 404(b) 'is a rule of legal relevance' that 'limits only one category of logically relevant evidence': '[i]f the proponent's only theory of relevance is that the other act shows defendant's inclination to wrongdoing in general to prove that the defendant committed the conduct in question, the evidence is not admissible.' " *Jackson*, 498 Mich at 258, quoting *People v VanderVliet*, 444 Mich 52, 64; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994) (alteration in original). "MRE 404(b) governs but does not prohibit all evidence of other acts that risks this character-to-conduct inference; the rule 'is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character.' " *Jackson*, 498 Mich at 259, quoting *People v Mardlin*, 487 Mich 609, 616; 790 NW2d 607 (2010).

In *Jackson*, the Michigan Supreme Court stated the framework for analyzing admissibility under MRE 404(b):

To admit evidence under MRE 404(b), the prosecutor must first establish that the evidence is logically relevant to a material fact in the case, as required by MRE 401 and MRE 402, and is *not* simply evidence of the defendant's character or relevant to his propensity to act in conformance with his character. The prosecution thus bears an initial burden to show that the proffered evidence is relevant to a proper purpose under the nonexclusive list in MRE 404(b)(1) or is otherwise probative of a fact other than the defendant's character or criminal propensity. Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant solely to the defendant's

-3-

character or criminal propensity . . . . Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test, which permits the court to exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. Finally, upon request, the trial court may provide a limiting instruction to the jury under MRE 105 to specify that the jury may consider the evidence only for proper, noncharacter purposes. [*Jackson*, 498 Mich at 259-260, quoting *Mardlin*, 487 Mich at 615-616 (quotation marks omitted).]

Other-acts evidence might result in unfair prejudice if it "inject[s] considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (quotation marks and citation omitted). Additionally, "[e]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Limiting instructions "can help alleviate any danger of unfair prejudice," because "jurors are presumed to follow their instructions." *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014), citing *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

The trial court properly admitted the other-acts evidence. Defendant was charged with taking or attempting to take a photograph of AC's undergarments, where she had a reasonable expectation of privacy. The trial court instructed the jury that the photographs could only be considered for "showing proof of intent, plan or scheme in doing an act, knowledge or absence of mistake or accident" related to defendant's incident with AC. These are all proper purposes under MRE 404(b). The photographs depicted the undergarments of young girls and women who were wearing skirts or dresses. If the jury found that defendant used the computer that the photographs were found on, then defendant's possession of similar photographs was highly probative as to defendant's intent to take a photograph of the undergarments of a young girl who was wearing a dress. Thus, the photographs not only demonstrated defendant's sexual interest in young women in general, but were also probative as to his intent to take a photograph of AC in particular due to her outfit. While this evidence might generate an inference as to defendant's propensity to act in conformance with a particular character trait, it is nonetheless admissible so long as it was admitted for a proper purpose under MRE 404(b).

Defendant also asserts that the evidence was unfairly prejudicial under MRE 403, and that the evidence may have confused the jury. Defendant does not, however, explain how this evidence was given undue weight by the jury, or how the evidence injected extraneous considerations in this case. Further, any unfair prejudice or confusion here was limited by the trial court's limiting instruction to the jury. Thus, the trial court did abuse its discretion by admitting the photographs as other-acts evidence.

Finally, defendant contends that the prosecution failed to comply with the notice requirements of MRE 404(b)(2), and that the prosecution did not give notice of this evidence during the pretrial period. We note that the record reflects otherwise. The prosecution properly made a motion for the introduction of this evidence three months prior to trial. Defendant filed a response to this motion and a supporting brief, and advanced his arguments during the motion

hearing. Therefore, there is no error to remedy here, as the parties complied with MRE 404(b)(2).

Affirmed.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto