613 P.2d 842

The STATE of Arizona, Appellee,

v.

Daniel Frank TOM, Appellant.

No. 2 CA–CR 1957.

Court of Appeals of Arizona, Division 2.

May 19, 1980.

Rehearing Denied June 25, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., and O. E. Jack Roberts, Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant contends that the trial court erred in denying his motion to suppress a confession made when he was being interrogated minutes after a violent arrest. We agree that the state failed to sustain the burden of proving the confession was voluntary, and reverse appellant's convictions of conspiracy to commit armed robbery, attempted armed robbery, aggravated assault, and fraudulent scheme and artifice.

The conviction for fraudulent scheme and artifice stems from appellant's representations to the American Express Company that traveler's checks he had purchased were missing. After receiving partial reimbursement from American Express, appellant sold the checks to an undercover agent. His defense was that he found the misplaced checks after reporting them lost and thus lacked the necessary fraudulent intent for conviction under A.R.S. § 13–2310 at the time he received the partial reimbursement.

The undercover agent also agreed to purchase stolen money orders and the other charges arise out of that transaction. The agent arranged to meet appellant in a motel room, which had been wired for sound by the police. Officers were stationed in an adjoining room to monitor the conversation and help in making the arrest. After some preliminary negotiations, appellant gave the agent a manila envelope containing burglary plans, not money orders, and then pulled a gun. The agent shouted the code word "Rip" to the other officers and tried to take the gun from appellant. Four officers entered the room. The first knocked down appellant, wrestled him for the gun, struck him repeatedly, and shoved the barrel of his shotgun in appellant's face. The others cursed appellant and threatened to kill him, even as he was being read *Miranda*[1] warnings by the first officer who was lying on top of him. Appellant, handcuffed with his hands behind his back, was then placed in a chair with a towel covering his head, given *Miranda* warnings a second time, and interrogated. During the interrogation he made several requests for an attorney. At the hearing on the motion to suppress the prosecutor stipulated to exclusion of all statements made after the first request. Without any reference to the issue of voluntariness, the court denied the motion as to earlier statements about appellant's intent to "rip off" the undercover agent and the American Express Company, and to kill the agent. It thus failed to satisfy the mandate of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), *see State v. Owen*, 96 Ariz. 274, 394 P.2d 206 (1964), but our decision does not rest on that procedural ground.

At trial appellant testified he thought he was dealing with a crime syndicate. He hoped to sell the burglary plans and was armed to protect himself if it became necessary to do so when it was discovered that he could not produce the promised money orders. He said he pulled his gun in self-defense because he thought the agent was reaching for a gun, and confessed during the interrogation because he was scared and confused and would have said anything to stay alive.

Confessions are prima facie involuntary, and the burden is on the state to

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

show by a preponderance of the evidence that a confession is freely and voluntarily made. *State v. Edwards*, 122 Ariz. 206, 594 P.2d 72 (1979). *See also* 17 A.R.S. Rules of Criminal Procedure, rule 16.2. If it is alleged that the confession is coerced, the state of mind of the defendant is the fundamental issue. *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974). The trial court's determination on the admissibility of the confession will not be disturbed unless clear and manifest error appears. *Id.*

Appellant, handcuffed with his hands behind him and his face covered with a towel, was interrogated in a room with the same officers who had beaten and threatened to kill him during his violent arrest only a few minutes earlier. Although appellant did not testify at the pretrial hearing, the officer who conducted the interrogation quoted him as saying he was afraid during the questioning. Under the totality of the circumstances the state did not prove by a preponderance of the evidence that the confession was the product of a free will and not induced by appellant's fear of being beaten or killed. *See United States v. Brown*, 557 F.2d 541 (6th Cir. 1977). Denial of the motion to suppress was clear and manifest error.

Our disposition of the case makes it unnecessary to address appellant's other contentions. The judgment is reversed.

HATHAWAY, C. J., and HOWARD, J., concur.