Murphy, J.
 

 Defendant was convicted by a jury of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced as an habitual offender, second offense, MCL
 
 *386
 
 769.10; MSA 28.1082, to a term of four to six years’ imprisonment for the assault conviction and to a consecutive two-year term for the felony-firearm conviction. He appeals as of right. We affirm.
 

 Defendant first argues that the trial court erred in denying his motion to suppress his statement to police, which was given while he was hospitalized. Defendant contends that the statement was not voluntarily made because it was the product of an alleged beating, or injuries, that he suffered at the hands of the police at the time of his arrest. He further claims that because of the police officers’ conduct at the time of his arrest, his waiver of Miranda
 
 [1]
 
 rights was also involuntary.
 

 When reviewing a trial court’s determination of voluntariness, this Court is required to examine the entire record and make an independent determination of the issue as a question of law.
 
 People v Howard,
 
 226 Mich App 528, 543; 575 NW2d 16 (1997);
 
 People v Jobson,
 
 205 Mich App 708, 710; 518 NW2d 526 (1994).
 

 The use of an involuntary statement coerced by police conduct offends due process under the Fourteenth Amendment.
 
 Culombe v Connecticut,
 
 367 US 568, 601-602; 81 S Ct 1860; 6 L Ed 2d 1037 (1961).
 

 The test of voluntariness should be whether, considering the totality of all the surrounding circumstances, the confession is “the product of an essentially free and unconstrained choice by its maker,” or whether the accused’s “will has been overborne and his capacity for self-determination critically impaired . . . .”
 
 Culombe, supra,
 
 367 US 602. The line of demarcation “is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confes
 
 *387
 
 sion.”
 
 Id. [People v Cipriano,
 
 431 Mich 315, 333-334; 429 NW2d 781 (1988).]
 

 As explained in
 
 Cipriano,
 
 the ultimate test for determining whether a statement was voluntarily made depends on the totality of the circumstances surrounding the statement. A comprehensive list of factors for the court to consider in deciding the question is set forth in
 
 Cipriano,
 
 although the presence or absence of any one of these factors is not necessarily conclusive on the question of voluntariness.
 

 In determining whether a statement is voluntary, the trial court should consider, among other things, the following factors: the age of the accused; his lack of education or his intelligence level; the extent of his previous experience with the police; the repeated and prolonged nature of the questioning; the length of the detention of the accused before he gave the statement in question; the lack of any advice to the accused of his constitutional rights; whether there was an unnecessary delay in bringing him before a magistrate before he gave the confession; whether the accused was injured, intoxicated or drugged, or in ill health when he gave the statement; whether the accused was deprived of food, sleep, or medical attention; whether the accused was physically abused; and whether the suspect was threatened with abuse.
 
 [Id.
 
 at 334.]
 

 While the admissibility question under the Due Process Clause of the Fourteenth Amendment focuses on the voluntariness of the defendant’s statement, a claim that
 
 Miranda
 
 was violated focuses on the voluntariness of the defendant’s waiver of his right against self-incrimination.
 
 People v Sexton (On Remand),
 
 236 Mich App 525, 538; 601 NW2d 399 (1999). The voluntariness of a waiver is determined by examining the police conduct involved.
 
 People v
 
 
 *388
 

 Garwood,
 
 205 Mich App 553, 555-557; 517 NW2d 843 (1994).
 

 Defendant claims that he was beaten at the time of his arrest and that the beating induced his later waiver of
 
 Miranda
 
 rights and statement to a police officer, which occurred while defendant was at a hospital receiving treatment for his injuries. The police officers involved testified that defendant was injured during the course of his arrest when he attempted to retrieve an assault rifle and resisted arrest, thus necessitating an application of force to subdue defendant and effectuate the arrest. Because the trial court did not make findings of fact on the record, it is not clear if the court rejected defendant’s version of the facts in favor of the officers’ versions with regard to the circumstances surrounding the arrest. Nonetheless, we are satisfied that the record sufficiently demonstrates that there was no causal link between defendant’s statement and the events surrounding defendant’s arrest.
 

 In
 
 Colorado v Connelly,
 
 479 US 157, 164; 107 S Ct 515; 93 L Ed 2d 473 (1986), when analyzing the admissibility of confessions obtained through coercive police conduct, the Supreme Court commented that, “[a]bsent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law.” Thus, as a threshold, there must be “a substantial element of coercive police conduct.”
 
 Id.
 
 The Court held that “coercive police activity is a necessary predicate to the finding that a confession is not ‘voluntary’ within the meaning of the Due Process Clause of the Fourteenth Amendment."
 
 Id.
 
 at 167.
 

 
 *389
 
 The decisions of other courts demonstrate the application of this standard. If there is no causal connection between the events at the time of arrest and the giving of a subsequent statement, then a confession will be found to be voluntary if the other circumstances show that the defendant gave his confession freely and voluntarily. See
 
 Burch v
 
 State, 346 Md 253, 265-268; 696 A2d 443 (1997);
 
 United States v Stewart,
 
 770 F Supp 872, 877-878 (SD NY, 1991);
 
 State v Montegut,
 
 471 So 2d 286, 289-290 (La App, 1985);
 
 Berry v State,
 
 582 SW2d 463, 465 (Tex Crim App, 1979). However, if an earlier beating is particularly severe, if the abuse continues until the time a confession is given, if the same officers are involved in both the beating and the procuring of the statement, or if there is no change in the setting, then courts may find that a confession was involuntarily given. See
 
 People v McElheny,
 
 137 Cal App 3d 396, 400-403; 187 Cal Rptr 39 (1982);
 
 State v Tom,
 
 126 Ariz 178, 180; 613 P2d 842 (1980);
 
 United States v Brown,
 
 557 F2d 541, 548-554 (CA 6, 1977).
 

 In the case at bar, the circumstances surrounding defendant’s arrest and the giving of his subsequent statement at the hospital were sufficiently disconnected to safely conclude that the events at the time of arrest did not render that subsequent statement involuntary. The statement at the hospital was made more than two hours after defendant was arrested. The statement was given in a neutral setting, where other nonpolice individuals were present. Moreover, defendant was interviewed by a police officer who was not involved in his arrest and who worked for an entirely different unit. Finally, none of the other circumstances surrounding the giving of the statement
 
 *390
 
 suggest that it was anything other than voluntary. Thus, even if we were to accept defendant’s claim that excessive force was used to effectuate his arrest, the facts fail to show a causal connection between the circumstances of his arrest and his subsequent statement at the hospital sufficient to render the conclusion that his statement was involuntarily made. The facts also fail to show that defendant’s waiver of his
 
 Miranda
 
 rights was involuntary. Accordingly, the trial court did not err in denying defendant’s motion to suppress his statement.
 

 Defendant next argues that the prosecutor engaged in misconduct during the course of closing arguments. Instead of objecting during the prosecutor’s closing arguments, defendant elected to move for a mistrial after the jury began its deliberations. Because counsel failed to object in a timely manner to the alleged misconduct, appellate relief is precluded unless an instruction could not have cured the prejudicial effect or the failure to consider the issue would result in a miscarriage of justice.
 
 People v Stanaway,
 
 446 Mich 643, 687; 521 NW2d 557 (1994). The grant or denial of a motion for a mistrial is within the sound discretion of the trial court, and absent a showing of prejudice, reversal is not warranted.
 
 People v McAlister,
 
 203 Mich App 495, 503; 513 NW2d 431 (1994). The trial court’s ruling must be so grossly in error as to deprive the defendant of a fair trial or amount to a miscarriage of justice.
 
 Id.
 
 In this case, when the challenged comments are viewed in context, it is apparent that defendant was not deprived of a fair and impartial trial. Defendant has not shown that the prosecutor’s individual comments, or the
 
 *391
 
 cumulative effect of those comments, warranted a mistrial.
 

 Defendant next argues that the trial judge should have been disqualified after she accused defense counsel of being a liar. When this Court reviews a decision on a motion to disqualify a judge, the trial court’s findings of fact are reviewed for an abuse of discretion, while the application of the facts to the relevant law is reviewed de novo.
 
 FMB-First Michigan Bank v Bailey,
 
 232 Mich App 711, 728; 591 NW2d 676 (1998).
 

 Absent actual personal bias or prejudice against either a party or the party’s attorney, a judge will not be disqualified. MCR 2.003(B)(1);
 
 Cain v Dep’t of Corrections,
 
 451 Mich 470, 495; 548 NW2d 210 (1996). A party that challenges a judge for bias must overcome a heavy presumption of judicial impartiality.
 
 Id.
 
 at 497. Where a judge forms opinions during the course of the trial process on the basis of facts introduced or events that occur during the proceedings, such opinions do not constitute bias or partiality unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible.
 
 Id.
 
 at 496, citing
 
 Liteky v United States,
 
 510 US 540, 555; 114 S Ct 1147; 127 L Ed 2d 474 (1994). Comments critical of or hostile to counsel or the parties are ordinarily not supportive of finding bias or partiality.
 
 Cain, supra
 
 at 497, n 30.
 

 After reviewing the record, we find that defendant failed to demonstrate grounds for disqualification. The judge’s characterization of defense counsel as a liar was based on an incident that occurred toward the end of trial, when the trial judge concluded that defense counsel had altered one of the court’s orders
 
 *392
 
 and then lied about how the change came about. The judge’s comments were directed at defense counsel, not the defense in general, and the judge specifically indicated that she was not prejudiced against defendant. Furthermore, the judge directed her punishment and ire at defense counsel, not the defense or this trial, for reasons that understandably would cause concern. The judge’s comments do not indicate bias or prejudice against defendant and, therefore, the motion for disqualification was properly denied.
 

 Finally, defendant argues that he is entitled to resentencing because he was not afforded his right of allocution before the trial court announced its sentencing decision. MCR 6.425(D)(2)(c) provides that the trial court must, before imposing sentence, give the defendant a reasonable opportunity to advise the court of any circumstances the defendant believes the court should consider when imposing sentence. The Michigan Supreme Court has mandated strict compliance with this rule, and the trial court must separately ask the defendant whether the defendant wishes to address the court before sentencing. Where the trial court fails to comply with this rule, resentencing is required.
 
 People v
 
 Berry, 409 Mich 774, 781; 298 NW2d 434 (1980);
 
 People v Jones (On Rehearing),
 
 201 Mich App 449, 453; 506 NW2d 542 (1993).
 

 Here, the trial court acknowledged that it had failed to grant defendant his right of allocution and, therefore, corrected this oversight before the sentencing hearing was concluded. The court commented that it did not believe that the result in this matter would change, and after hearing defendant’s statement, the court did not change its sentencing decision. On this
 
 *393
 
 record, we hold that defendant was afforded his right of allocution. Resentencing is not required.
 

 Affirmed.
 

 [1]
 

 Miranda v Arizona,
 
 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).