*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 13, 2021

Plaintiff-Appellant,

v

No. 353565
Wayne Circuit Court
LC No. 19-005060-01-FH

WESLEY AGNEW II,

Defendant-Appellee.

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

The prosecutor appeals by leave granted the trial-court order denying a motion to disqualify Wayne Circuit Court Judge Bruce U. Morrow, entered by Wayne Circuit Court Judge Prentis Edwards, Jr. See *People v Agnew*, unpublished order of the Court of Appeals, entered June 11, 2020 (Docket No. 353565). We reverse and remand for further proceedings.

## I. BACKGROUND

This criminal prosecution arises from allegations that defendant committed criminal sexual conduct. The complainant alleged that defendant engaged in sexual penetration with her while she was in an incapacitated state and without her consent. The prosecutor charged defendant with one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (sexual penetration with knowledge that the victim was physically helpless).

Defendant's jury trial began on October 15, 2019, and ended with a hung jury on October 22, 2019. When the jury was initially deadlocked, Judge Morrow provided the jury with additional instructions. Although Judge Morrow referenced the fact that the model "deadlocked jury" and "reasonable doubt" instructions exist, he refused to give them, criticizing them as redundant. Instead, Judge Morrow reinstructed the jury about the meaning of reasonable doubt. Several times, he instructed the jury that the phrase "beyond a reasonable doubt" sometimes means "beyond all doubt." After the jury returned to its deliberations, the prosecutor objected, requesting that the jury be given the model "deadlocked jury" and "reasonable doubt" instructions. Judge Morrow simply replied, "Objection noted." Thereafter, the jurors remained unable to reach a verdict, and the trial court discharged them, indicating that defendant would be retried.

-1-

On November 4, 2019, the prosecutor filed a motion, under MCR 2.003, seeking to disqualify Judge Morrow from presiding over defendant's second jury trial, arguing that his jury instructions and refusal to give model instructions upon request constituted grounds for disqualification. Specifically, the prosecutor argued that Judge Morrow created a serious error in law and created the appearance of impropriety when he asked a deadlocked jury to consider the burden of the prosecutor as "beyond all doubt." The prosecutor further argued that, "even if Judge Morrow's unlawful and highly prejudicial instruction was said and repeated in good faith, the act alone still triggers the necessity of the prosecution to seek disqualification of the Court on the grounds promulgated in MCR 2.003(C)." On January 10, 2020, Judge Morrow denied the prosecutor's motion to disqualify him from presiding over defendant's second jury trial.

On February 4, 2020, the prosecutor filed a motion requesting that the motion to disqualify Judge Morrow be referred to the chief judge for review de novo under MCR 2.003(D)(3)(a)(*i*). Judge Morrow refused to rule on the motion to refer the matter to the chief judge and refused to enter an order denying that motion, reasoning that the motion could not be decided because it was untimely under MCR 2.003(D)(1)(a).

The prosecutor subsequently filed an emergency application for leave to appeal with this Court, seeking immediate consideration, a stay of the proceedings in the trial court, and waiver of the transcript requirements pertaining to the motion to stay. This Court entered an order granting the prosecutor's motions for immediate consideration and waiver of the transcript requirements, and denying the prosecutor's motion to stay as moot. *People v Agnew*, unpublished order of the Court of Appeals, entered February 24, 2020 (Docket No. 352813). This Court concluded that there is nothing in the plain language of MCR 2.003 to support the conclusion that the 14-day requirement under MCR 2.003(D)(1)(a) applies to requests for referral to the chief judge under MCR 2.003(D)(3)(a)(*i*), and that Judge Morrow was required to refer the motion to the chief judge for review de novo. *Id*. In lieu of granting leave to appeal, this Court remanded the case to the trial court with instructions to stay the proceedings pending the chief judge's decision. *Id*.

On remand, the prosecutor's motion to disqualify Judge Morrow under MCR 2.003 was referred to Judge Edwards, who held a hearing on the motion. Judge Edwards denied the motion, explaining that "[o]nly under extreme circumstances does due process require disqualification, and I don't think that the situations provided in this instant case that the [prosecutor is] arguing rise to that level." The trial court therefore entered an order denying the prosecutor's motion to disqualify Judge Morrow.

This appeal followed.

## II. ANALYSIS

On appeal, the prosecutor argues that Judge Morrow's action imposed a serious risk of actual bias impacting the prosecutor's due-process rights under MCR 2.003(C)(1)(b)(*i*), and that he failed to adhere to the appearance of impropriety standards under MCR 2.003(C)(1)(b)(*ii*). Based on the appearance of impropriety standards under the latter rule, we conclude that the trial court erred in denying the prosecutor's motion to disqualify Judge Morrow.

The factual findings underlying a ruling on a motion for judicial disqualification are reviewed for an abuse of discretion, while application of the facts to the law is reviewed de novo. *People v Roscoe*, 303 Mich App 633, 647; 846 NW2d 402 (2014). An abuse of discretion occurs when the decision is outside the range of reasonable and principled outcomes. *People v Anderson*, 501 Mich 175, 182; 912 NW2d 503 (2018), quoting *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016).

A trial court is presumed to be fair and impartial, and any party that challenges a judge for bias must overcome a heavy presumption of judicial impartiality. *People v Gaines*, 306 Mich App 289, 313; 856 NW2d 222 (2014), citing *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). Under MCR 2.003(C)(1), disqualification of a judge is warranted for reasons that include, but are not limited to, the following:

> (b) The judge, based on objective and reasonable perceptions, has either (*i*) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (*ii*) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [Cleaned up.]

To determine whether an appearance of impropriety exists, this Court considers " 'whether the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.' " *People v Aceval*, 486 Mich 887, 889; 781 NW2d 779 (2010), quoting *Caperton*, 556 US at 888.

Canon 2 of the Michigan Code of Judicial Conduct provides, in relevant part:

> A. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.

> B. A judge should respect and observe the law. At all times, the conduct and manner of a judge should promote public confidence in the integrity and impartiality of the judiciary. Without regard to a person's race, gender, or other protected personal characteristic, a judge should treat every person fairly, with courtesy and respect.

When instructing the deadlocked jury, Judge Morrow rejected the model jury instructions concerning the prosecutor's burden of proving defendant's guilt beyond a reasonable doubt. Several times, Judge Morrow instructed the jury that the phrase "beyond a reasonable doubt" sometimes means "beyond all doubt." Michigan's standard jury instructions, however, describe reasonable doubt as follows:

> A reasonable doubt is a fair, honest doubt growing out of the evidence or lack of evidence. It is not merely an imaginary or possible doubt, but a doubt based on reason and common sense. A reasonable doubt is just that, a doubt that is

reasonable after a careful and considerate examination of the facts and circumstances of this case.  [M Crim JI 3.2(3).]

Judge Morrow did not accurately define the prosecutor's burden of proving defendant's guilt beyond a reasonable doubt as provided for in caselaw.  "An erroneous definition of reasonable doubt in a jury instruction violates the jury trial guarantee." *Allen*, 466 Mich at 90.  Notably, Judge Morrow's erroneous instructions concerning reasonable doubt came immediately after he openly acknowledged that, although he was aware that he was supposed to provide the model "reasonable doubt" instructions, he was unwilling to comply with that obligation because he personally disagreed with it.[1]  As a result of Judge Morrow's erroneous instructions—i.e., that the prosecutor is sometimes required to prove guilt *beyond all doubt*—the prosecutor's burden of proof was significantly heightened to a level that was effectively unattainable.

Moreover, the timing of Judge Morrow's error, which came in the midst of jury deliberations, could have worked to insulate the instructions from appellate review had the formerly deadlocked jury subsequently returned a verdict of acquittal.  See *People v Bailey*, 451 Mich 657, 671 n 10; 549 NW2d 325 (1996), amended on denial of reh 453 Mich 1204 (1996) ("the government is not allowed to appeal from an acquittal by a jury") (cleaned up).  Even when the prosecutor objected, highlighted the error on the record, and requested that Judge Morrow reinstruct the jury with the applicable model "reasonable doubt" instructions, Judge Morrow declined to do so—without articulating any reasoning in support of that ruling.

Finally, after denying the prosecutor's motion to disqualify him from presiding over defendant's second trial, Judge Morrow then refused the prosecutor's request to refer the matter to the chief judge, and initially also refused to sign an order to that effect.  Viewing all of this conduct collectively, Judge Morrow did not avoid the "appearance of impropriety" with regard to cases involving criminal-sexual-conduct offenses.[2]  Reasonable minds could perceive that Judge Morrow's ability to carry out judicial responsibilities with impartiality in this case was impaired.  Therefore, Judge Edwards erred in denying the prosecutor's motion to disqualify Judge Morrow from presiding over defendant's retrial under MCR 2.003(C)(1)(b)(*ii*).

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[1] See *People v Rosa*, 322 Mich App 726, 739; 913 NW2d 392 (2018) ("MCR 2.512(D)(2) requires that the jury be instructed using the Michigan Model Criminal Jury Instructions if '(a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party.' ").

[2] See *In re Morrow*, 496 Mich 291, 295-297; 854 NW2d 89 (2014); *People v Boismier*, unpublished per curiam opinion of the Court of Appeals, issued December 28, 2010 (Docket No. 291642) (opinion of SAAD, J.); *In re McGee*, unpublished order of the Court of Appeals, entered December 21, 2005 (Docket No. 267249).