*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 1, 2024

v

No. 359649
Jackson Circuit Court
LC No. 18-002412-FC

SAVANNA ALLYSE FRINKLE,

        Defendant-Appellant.

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

REDFORD, J. *(concurring in part and dissenting in part)*

I concur in the judgment of the majority to affirm the trial court's decision to exclude the expert witness testimony. I respectfully dissent from the majority's decision to remand to a different judge for the reasons set forth below.

Defendant asserts that the trial court showed bias toward trial counsel at the *Ginther*[1] hearing when it explained that defendant's trial counsel was the judge's previous law clerk; it knew trial counsel very well; and it believed that trial counsel was a fine, competent lawyer. Defendant also contends that the trial court expressed open disdain for the proposed expert witness whom defendant attempted to call at the *Ginther* hearing.[2] For these reasons, defendant contends that the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] Defendant sought and was allowed by the majority to expand the record to include a transcript from an unrelated case without moving to expand the record. I would decline to take judicial notice of the transcript. See MRE 201. MCR 7.210(A) indicates: "In an appeal from a lower court, the record consists of the original documents filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." Likewise, the Court of Appeals Internal Operating Procedure (IOP) 7.210(A)-1, provides: "One may not expand the record by filing in the Court of Appeals documents or transcripts that were not part of the record when the trial court issued the decision that is the subject of the appeal." Although the IOPs are nonbinding and merely observatory guidelines, *Anglers of AuSable, Inc v Dep't of*

trial court should be disqualified from this case. The majority agrees with defendant, concluding that the trial court's actions and statements surrounding trial counsel, Frinkle's proposed expert, ineffective-assistance of counsel claims, and statements in a separate case created an unacceptable appearance of impropriety. I disagree.

Because defendant did not preserve the issue whether the trial court should be disqualified, this Court reviews for plain error affecting substantial rights. See *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Under the plain-error rule, defendant bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., prejudiced defendant by affected the outcome or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012); see also *Bracy v Gramley*, 520 US 899, 904-905; 117 S Ct 1793; 138 L Ed 2d 97 (1997) ("[T]he floor established by the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case.") (quotation marks and citation omitted). "[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level." *FTC v Cement Institute*, 333 US 683, 702; 68 S Ct 793; 92 L Ed 1010 (1948). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Mitchell*, 296 Mich App at 523.

In relevant part, the Michigan Court Rules enshrine grounds to disqualify a judge:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [MCR 2.003(C)(1).]

Disqualification is not warranted "merely because the judge's former law clerk is an attorney of record for a party in an action that is before the judge . . . ." MCR 2.003(C)(2)(a).

When "a judge forms opinions during the course of the trial process on the basis of facts introduced or events that occur during the proceedings, such opinions do not constitute bias or partiality unless there is a deep-seated favoritism or antagonism such that the exercise of fair

---

*Environmental Quality*, 489 Mich 884, 887 n 5; 796 NW2d 240 (2011), caselaw supports this premise. See, e.g., *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013) (explaining that a party may not "expand the record on appeal").

judgment is impossible." *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). Further, "[c]omments critical of or hostile to counsel or the parties are ordinarily not supportive of finding bias or partiality." *Id*. "The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009).

Additionally, the Michigan Code of Judicial Conduct obligates a judge to avoid all impropriety and the appearance of impropriety:

> Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly. [Code of Judicial Conduct, Canon 2(A).][3]

Whether the trial court has exhibited the appearance of impropriety is an objective inquiry, asking "whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Okrie v Michigan*, 306 Mich App 445, 473; 857 NW2d 254 (2014) (quotation marks omitted), quoting *Caperton*, 556 US at 888.

Defendant properly concedes that trial counsel's past employment as the trial court's law clerk was not a basis for disqualification. See MCR 2.003(C)(2)(a). Instead, her argument relies on the trial court's comments about trial counsel's experience as an attorney and the proposed expert witness's practice in the Upper Peninsula. The trial court opened the *Ginther* hearing by advising the parties that trial counsel was a former law clerk of the court and that trial counsel "regularly practices with a great deal of skill and proficiency in my courtroom." This comment was made in the context of the trial court disclosing its previous professional relationship with trial counsel to defendant. The trial court did not state or imply that it could not determine that trial counsel provided ineffective assistance of counsel because of this relationship or because of trial counsel's experience if the facts presented during the hearing supported such a determination. This comment did not demonstrate favoritism for trial counsel or bias against defendant.

Later in the proceeding, the trial court interrupted direct examination of trial counsel to interject that attorneys frequently employ a strategy of admitting guilt on a lesser offense to bolster a defendant's credibility in hopes that the jury will convict the defendant of the lesser offense. This statement was directly relevant to defendant's ineffective-assistance-of-counsel claim for trial counsel's self-defense strategy at issue at the *Ginther* hearing. Further, in this statement, the trial court did not state or imply that it could not determine that trial counsel rendered ineffective assistance of counsel if the facts presented during the hearing supported that determination. Because this opinion was formed during the course of the proceedings in response to the facts

---

[3] A judge's violation of the Michigan Code of Judicial Conduct alone is not a basis for relief because the canons do not grant litigants substantive or procedural rights. *People v Loew*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164133); slip op at 8.

introduced, it does not constitute bias or partiality unless the statement rose to deep-seated favoritism or antagonism. See *Wells*, 238 Mich App at 391. This statement did not rise to the level of deep-seated favoritism or antagonism. See *id*. Finally, the trial court treated the proposed expert with condescension because the expert's practice was located in the Upper Peninsula. That conduct was unprofessional and inappropriate. However, this conduct was not aimed at defendant or appellate counsel. See MCR 2.003(C)(1)(a). The record does not support a finding of bias or circumstances suggesting the appearance of impropriety. I would decline defendant's request for remand before a different judge.

/s/ James Robert Redford